```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| EMANUEL MANNY BROOKS, JR., <br><br> Plaintiff, <br><br> -against- <br><br> JUDGE OF WHITE PLAINS CRIMINAL COURT, <br><br> Defendant. | 21-CV-4473 (LTS) <br><br> ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

On May 14, 2021, Plaintiff, who is currently detained in the Westchester County Jail, filed this action *pro se*. Plaintiff submitted the complaint without the $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, a request for authorization to proceed *in forma pauperis* (IFP) and prisoner authorization. By order dated May 19, 2021, the Court directed Plaintiff, within thirty days of the date of that order, to either pay the filing fees or submit an IFP application and prisoner authorization.[1] (ECF 2.)

To date, Plaintiff has not complied with the Court's May 19, 2021 order. On June 10, 2021, the Court received a letter for Plaintiff that, much like Plaintiff's complaint, is not the model of clarity.[2] It appears that Plaintiff, in his letter, seeks injunctive relief. The Court advises Plaintiff that it cannot take any action on his complaint or his letter until he pays the filing fees or submits an IFP application and prisoner authorization. Because Plaintiff's time to comply with the Court's May 19, 2021 order has expired, in an abundance of caution, the Court grants

---

[1] On May 14, 2021, Plaintiff also filed another action in which he also failed to submit the IFP application and prisoner authorization, *See Brooks v. Taborn*, ECF 1:21-CV-4472, 2 (S.D.N.Y. May 20, 2021). By order dated May 20, 2021, the Court directed Plaintiff to either pay the filing fees or submit an IFP application and prisoner authorization. (*Id.*)

[2] The Clerk of Court also filed this letter in *Brooks v. Taborn*, ECF 1:21-CV-4472, 3.

Plaintiff an additional thirty days to comply with the May 19, 2021 order. Within thirty days of the date of this order, Plaintiff must either pay the filing fees or submit an IFP application and prisoner authorization. If Plaintiff submits the IFP application and prisoner authorization, they should be labeled with docket number 21-CV-4473 (LTS).[3]

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:
      New York, New York

      /s/ Laura Taylor Swain
      LAURA TAYLOR SWAIN
      Chief United States District Judge

---

[3] Plaintiff is cautioned that if a prisoner files a federal civil action that is dismissed as frivolous or malicious, or for failing to state a claim, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file federal civil actions IFP as a prisoner, unless he is under imminent danger of serious physical injury and must pay the filing fees at the time of filing any new action.